IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDEPENDENT TRUST CORPORATION, an Illinois corporation now in receivership, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:10-cv-04430 ) |
| STEWART INFORMATION SERVICES CORPORATION, a Delaware corporation, STEWART TITLE GUARANTY COMPANY, a Texas corporation, and STEWART TITLE COMPANY, a Texas corporation, | ) Hon. John W. Darrah ) ) ) ) ) |
| Defendants. | ) |

**RECEIVER'S RESPONSE TO STEWART'S MOTION TO STAY DISCOVERY
PENDING THE COURT'S RULING ON STEWART'S MOTION TO DISMISS**

Three months ago, Stewart's counsel requested at the status hearing that the Receiver not be permitted to "get into discovery" while the motion to dismiss was pending, but this Court rejected Stewart's request. And Stewart never asked the Court to reconsider its decision. Nor did Stewart make a formal motion for a stay of discovery until the very day its discovery responses were due. In the intervening three months, the Receiver has propounded party and third-party discovery, is awaiting responses, and is preparing additional third-party discovery. This resolution of this case would be needlessly extended if discovery were to be stopped completely. Moreover, the basis for Stewart's motion—that there is a Rule 12(b)(6) motion pending—has been true for months and is not a legally sufficient basis for granting a stay of discovery in any event. Notably, "the mere filing of such a motion does not automatically stay discovery." *Syngenta Seeds, Inc. v. BTA Branded Inc.*, No. 05 C 6673, 2007 WL 3256848, at *1 (N.D. Ill. Nov. 1, 2007). And Stewart's Rule 12(b)(6) issue doesn't deal with any of the unique legal issues—like standing, qualified immunity, or res judicata—that some courts have used to

justify a stay of discovery. Finally, the Receiver's proposal would give Stewart a substantial extension, would enable the "meet and confer" process to start with respect to objections Stewart has indicated it plans to make, would require the immediate production of only documents that have already been gathered by Stewart, and would give Stewart a total of three months to produce other responsive documents. Stewart's motion, therefore, should be denied and discovery should continue.

## Background

This action commenced on July 15, 2010. The Receiver promptly served the Stewart defendants and their answer or other pleading was due on August 12, 2010. Nonetheless, at Stewart's request, the Receiver agreed to a month extension for Stewart to answer or otherwise plead. Then, on September 15, 2010, Stewart filed a Rule 12(b)(6) motion to dismiss. Critically, Stewart did not make a written motion for a stay of discovery.

Moreover, discovery has already begun. On August 25, 2010, the parties participated in a Rule 26(f) conference. At the Rule 26(f) conference, the Receiver made clear it planned to begin discovery. Thereafter, both parties made their initial disclosures as required by Rule 26(a)(1). On September 13, 2010, the parties submitted a joint report of the Rule 26(f) planning meeting. (A copy is attached as Exhibit 1) The joint report included the following description of how discovery should proceed:

> **Pre-trial Schedule.** Based on the statute of limitations and other issues raised in Defendants' motion to dismiss, Defendants respectfully suggest that discovery should not begin until this Court rules on their motion. <u>Defendants, however, have not moved to stay discovery.</u> The Receiver believes that discovery should begin immediately and is preparing written discovery. <u>Unless the Court stays discovery pending its ruling on Defendants' motion to dismiss, the parties jointly propose to the Court the following discovery plan:</u>

\*\*\*

2

> c. All non-expert or fact discovery is to be commenced in time to be completed by April 15, 2011.
>
> ***
>
> e. Reports from retained experts under Rule 26(a)(2) are due from plaintiffs by May 31, 2011, and from defendants by July 15, 2011.
>
> f. All expert discovery is to be completed by August 31, 2011.

(Exhibit 1 at 1-2 (emphasis added))

At the September 16, 2010 status hearing, Stewart's counsel specifically requested "that we not get into discovery" in light of Stewart's motion to dismiss. (Stewart Mem. Ex. A at 3: 19-20) In response, although the Court declined to enter the scheduling order at that time, the Court did make clear that discovery would not be stayed:

> MR. MERRILL: ... And we just want to be clear, they obviously haven't moved for a stay of discovery. We plan to proceed with at least some additional discovery –
>
> THE COURT: Proceed with anything you want, Counsel, that's permitted by the rules.

(*Id.* at 6: 19-24)

In reliance on the discussions between the parties, the fact that Stewart had not moved to stay discovery, and the fact that the Court indicated discovery could proceed, the Receiver has propounded discovery to the defendants. Specifically, on November 15, 2010, the Receiver served document requests and on November 24, 2010, the Receiver served interrogatories upon the Stewart defendants. Moreover, the Receiver has served one third-party subpoena and is preparing others.

Stewart waited until December 15, 2010—the day its responses to the document requests were due, three months after filing its motion to dismiss, and five months after this action commenced—to move for a stay.

3

Moreover, Stewart was not without alternatives to bringing a motion for a stay. As part of the "meet and confer," the Receiver offered a reasonable, measured, and incremental proposal for proceeding with discovery. Specifically, the Receiver offered Stewart a reasonable extension, asked for the immediate production of only documents that Stewart has already gathered, and offered Stewart three months to search for and produce the remaining responsive documents. The entire proposal was as follows:

1. Stewart to promptly make the following documents available: (a) all of Stewart's document production in *Fidelity v. Stewart*; (b) all documents produced by Capriotti, Hargrove, Old Intercounty, ITI, New Intercounty, or INTIC in *Fidelity v. Stewart*; (c) all third party document productions from *Fidelity v. Stewart*, including by Ernst & Young, Berger & Goldstein, KPMG, the Illinois DFI, and the Texas Department of Insurance; (d) all deposition exhibits from *Fidelity v. Stewart*; (e) all trial exhibits from *Fidelity v. Stewart*; (f) STG and SISCO annual financial statements (GAAP and/or statutory) for the years ending 1984 through 1997;

2. Stewart to provide its response to document request No. 33 by December 21, 2011 and have a prompt meet and confer as to any objections;

3. Stewart to respond to all outstanding discovery requests by January 5, 2011;

4. Stewart to produce documents responsive to document request No. 33 by January 5, 2011;

5. The Receiver and Stewart to have a "meet and confer" concerning any disputed issues by January 12, 2011; and

6. Stewart to produce responsive documents (other than those already made available above or objected to) by February 2, 2011.

(A copy of the Receiver's 12/14/2010 Proposal is attached as Exhibit 2) Stewart made clear, however, that it is not interested in compromise. Stewart rejected the Receiver's proposal out of hand without even offering any alternative and immediately brought its motion for a stay. As part of the "meet and confer," Stewart's counsel indicated Stewart would likely object to many

4

of the Receiver's document requests and interrogatories. Nonetheless, Stewart's counsel refused to agree to provide its responses, including objections, even if the Receiver agreed to a reasonable extension of time.

## Argument

It goes without saying that courts have discretion under Rule 26 to "'limit the scope of discovery or to order that discovery be conducted in a particular sequence.'" *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010). Magistrate Judge Nolan recently articulated the circumstances under which a stay of discovery while a motion is pending might be appropriate, although none of the articulated factors are present here.

> However, a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing, or pending resolution of qualified immunity claims. Following the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, a blanket stay of discovery may also be appropriate in some antitrust actions.

*Id.*, 2010 WL 4867346, at *1 (citations omitted). "However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Solomon Realty Co. v. Tim Donut U.S. Ltd.*, 2009 WL 2485992, at *2 (S.D.Ohio 2009); *see also Syngenta Seeds, Inc. v. BTA Branded Inc.*, No. 05 C 6673, 2007 WL 3256848, at *1 (N.D. Ill. Nov. 1, 2007)(And "the mere filing of such a motion does not automatically stay discovery, nor does it mean that a court will automatically grant a stay simply because the defendant asks for one.")

### I. Stewart Cannot Establish Any of the Factors that Would Justify a Stay of Discovery.

Critically, Stewart's motion to dismiss doesn't challenge Plaintiff's standing. Nor does it concern "qualified immunity" or antitrust claims. Nor does it involve a clear cut legal issue like res judicata or collateral estoppel. (Indeed, with its replies in support of its motion to dismiss

5

and motion to take judicial notice, Stewart confirmed that there are no res judicata or collateral estoppel issues in this case.) Thus, the only basis for Stewart's motion—that a routine Rule 12(b)(6) motion is pending and it might be granted—can be said about every case. But the federal rules plainly permit discovery to proceed while "run-of-the-mill" motions to dismiss are pending.

One court has explained why the mere filing of a Rule 12(b)(6) motion doesn't justify a stay of discovery.

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. . . .
>
> Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, this is not such a case.

*Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990)(citations omitted). Given that Stewart asserts no basis for its motion for a stay other than a motion to dismiss is pending, Stewart's motion to stay should be denied.

The cases cited by Stewart do not dictate a contrary result. Notably, the primary case relied upon by Stewart was a case involving "qualified immunity" issues, which stayed discovery to "minimize the chilling effect that the threat of civil litigation would have on government officials." *Triad Assoc., Inc. v. Chicago Housing Authority,* No. 87 C 5096, 1991 WL 140141, *2 (N.D. Ill. July 24, 1991). Another case rested on a pure "legal question" interpreting a statute where the court found the "interpretation [would] not be aided through the [proposed] discovery." *See Sprague v. Brook,* 149 F.R.D. 575, 577 (N.D. Ill. 1993). And the other case

6

didn't involve a stay of discovery at all, but merely stated that uncontroversial proposition that "district courts enjoy broad discretion in controlling discovery." *Semien v. Life Ins. Co. of N.A.*, 436 F.3d 805, 813 (7th Cir. 2006). None of these cases are similar to the circumstances here and do not support Stewart's attempt to avoid having to respond to any discovery.

## II. Proceeding in Accordance with Plaintiff's Proposal Would be Efficient and Would Not Involve Undue Burden.

Moreover, in its motion, Stewart claims that the Receiver is insisting that Stewart respond to the document requests and interrogatories "<u>in full</u>" by January 5, 2011. (Stewart Mem. at 3 (emphasis added)) Stewart, however, fails to tell the full story. **First**, the Receiver's proposal provides Stewart with an additional three weeks to respond to the 42 document requests and an additional 12 days to respond to the 14 interrogatories. **Second**, the proposal does not require a response "in full," but merely allows the Receiver to "meet and confer" and begin the process of moving to compel, which makes sense since Stewart has indicated it plans to object to many of the Receiver's requests. **Third**, the Receiver's proposal requires the immediate production of <u>only</u> three types of documents: (a) certain documents produced in prior litigation along with deposition and trial exhibits from the prior litigation; (b) annual financial statements for defendants SISCO and STG; and (c) documents responsive to request no. 33, which seeks a copy of any "affidavit, witness statement, proffer, notes, summary or transcript of interview, . . . deposition, trial, or hearing transcript" for any of the witnesses identified in the Receiver's initial disclosures. These documents will help narrow and focus the remaining discovery, particularly deposition and expert discovery. Moreover, most of these documents have already been gathered by Stewart and will involve minimal burden to produce. **Fourth**, all remaining responsive documents, according to the Receiver's proposal, would not have to be produced until February 2, 2011. This would give Stewart over 11 weeks—almost three months—from when it first received the document requests to gather and produce responsive documents.

7

The Receiver's proposal, in other words, provides a reasonable extension of time, requires written responses so that the "meet and confer" process can begin, provides early production of material that has already been gathered, and provides almost three months to produce the remaining responsive documents.

## Conclusion

Stewart has provided no reason for the Court to reconsider its prior decision to allow discovery to proceed while the motion to dismiss is pending. Indeed, there is no reason for this case to be treated differently from almost every other case. The rationale of the *Gray v. First Winthrop* court in denying a motion to stay is equally applicable here.

> The motions referred to by defendants will be decided in due course; in the meantime, defendants may only seek to attack the discovery requests by means of objections, if appropriate, as provided in the Federal Rules.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990). Stewart's motion for a stay of discovery should be denied and the discovery process contemplated by the federal rules should proceed.

Dated: December 20, 2010

Respectfully submitted,

INDEPENDENT TRUST CORPORATION,
through its receiver, PricewaterhouseCoopers, LLP

By: /s/ Adam P. Merrill
One of Its Attorneys

Steven C. Florsheim (6206930)
Adam P. Merrill (6229850)
Michael G. Dickler (6269635)
Mona A. Idrees (6275119)
SPERLING & SLATER
55 W. Monroe, Suite 3200
Chicago, Illinois 60603
(312) 641-3200

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDEPENDENT TRUST CORPORATION, an Illinois corporation now in receivership, ) ) ) Plaintiff, ) ) v. ) ) STEWART INFORMATION SERVICES ) CORPORATION, a Delaware corporation, ) STEWART TITLE GUARANTY COMPANY, ) a Texas corporation, and STEWART TITLE ) COMPANY, a Texas corporation, ) ) Defendants. ) | Case No. 1:10-Cv-04430 Hon. John W. Darrah |

## REPORT OF PARTIES' PLANNING MEETING

Plaintiff Independent Trust Corporation ("InTrust"), through its receiver, PricewaterhouseCoopers LLP ("PwC" or the "Receiver"), and Defendants Stewart Information Services Corporation ("SISCO"), Stewart Title Guaranty Company ("STG"), and Stewart Title Company ("Stewart Title") hereby submit the following report of the parties' planning meeting:

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f), the Receiver and Defendants met on August 25, 2010 at the offices of Sperling & Slater, 55 West Monroe Street, Suite 3200, in Chicago, Illinois. The meeting was attended by Adam Merrill on behalf of the Receiver and Gerard Kelly and Patrick Croke on behalf of Defendants.

2. **Initial Disclosures.** Defendants filed and served their Rule 26(a)(1) disclosures on September 8, 2010. The Receiver will be filing and serving its Rule 26(a)(1) disclosures today, September 13, 2010.

3. **Pre-trial Schedule.** Based on the statute of limitations and other issues raised in Defendants' motion to dismiss, Defendants respectfully suggest that discovery

should not begin until this Court rules on their motion. Defendants, however, have not moved to stay discovery. The Receiver believes that discovery should begin immediately and is preparing written discovery. Unless the Court stays discovery pending its ruling on Defendants' motion to dismiss, the parties jointly propose to the Court the following discovery plan:

a. The Parties agree that discovery will be needed regarding[1]: (i) the operations of InTrust and InTrust's relationship with Intercounty Title Company ("Intercounty"); (ii) the operations of Intercounty and Intercounty's relationship with Defendants, including the scope of Intercounty's agency on behalf of STG; (iii) InTrust's deposits of account holder funds into Intercounty's escrow account from December 1990 through 1996; (iv) whether and when Defendants and/or the Illinois Office of Banks and Real Estate ("OBRE"), which appointed the Receiver, had any knowledge of the alleged misconduct relating to InTrust's funds; (v) whether and to what extent, if any, Defendants benefited from any alleged misconduct by InTrust and any benefits Defendants provided in exchange.

b. In addition to these topics, the Receiver asserts that discovery will be needed regarding the following additional topics, as to which Defendants reserve their right to object: (i) what Defendants knew about Intercounty's mortgage defeasance program, Intercounty's misuses and shortages of escrow funds, and Intercounty's unprofitable operations from 1986

---

[1] As prepared, this report was a joint effort and includes subjects both parties intend to explore during discovery. Neither party is conceding, however, that all such discovery would be appropriate or that such discovery is exhaustive of all subjects for which discovery will be necessary. Both parties also reserve the right to object to any discovery propounded by the other party.

2

through 1996 and when they knew such information; (ii) Stewart's liability for losses under Intercounty's mortgage defeasance program and for Intercounty's misuse and shortage of escrow funds; (iii) the timing, nature, and extent of Defendants' communication with and disclosures to the Illinois Department of Financial Institutions (or "DFI"), the Texas Department of Insurance ("TDI"), or their outside auditors concerning Intercounty's mortgage defeasance program, Intercounty's escrow shortages, and Intercounty's unprofitable operations; (iv) all amounts Intercounty paid to Defendants from December 1990 through 1996; and (v) the extent to which InTrust account holder funds were used by Intercounty to make direct payments to the Defendants, reduce the Defendants' mortgage defeasance obligations under Stewart title insurance policies, or reduce the Defendants' obligations under Stewart title insurance policies and insured closing protection letters for Intercounty escrow shortages.

c. All non-expert or fact discovery is to be commenced in time to be completed by April 15, 2011.

d. The parties are discussing whether to agree that depositions previously taken in related actions involving one or more of the parties can be used as though they were taken in this action. If the parties are able to reach such an agreement, they expect they will need approximately 10 depositions each. If such an agreement cannot be reached, the parties expect they will need approximately 20 to 25 depositions each.

3

e.  Reports from retained experts under Rule 26(a)(2) are due from plaintiffs by May 31, 2011, and from defendants by July 15, 2011.

f.  All expert discovery is to be completed by August 31, 2011.

g.  The parties shall have 30 days after the date on which this Court rules on any motion to dismiss to join additional parties and to amend the pleadings.

h.  All potentially dispositive motions should be filed, noticed, and presented at a motion call for a briefing schedule by September 30, 2011.

i.  Final Pretrial Order: Plaintiff to prepare a proposed draft 28 days prior to any scheduled pretrial conference; parties to file joint final pretrial order pursuant to Local Rule 16.1 by no later than 14 days prior to any scheduled pretrial conference.

j.  The parties propose to have a pretrial conference at least fourteen days before the start of trial.

k.  The parties will call chambers at least three weeks prior to trial to schedule a joint demonstration of the courtroom audio-visual equipment.

l.  The case is set for trial starting on _____. At this time, the parties expect the trial to take approximately 10-15 trial days.

Dated: September 13, 2010                    Respectfully submitted,

INDEPENDENT TRUST CORPORATION    STEWART INFORMATION SERVICES CORPORATION, STEWART TITLE GUARANTY COMPANY, AND STEWART TITLE COMPANY

By: _____        By: _____
    One of its attorneys                One of their attorneys

Steven C. Florsheim (6206930)        Gerard D. Kelly (6193482)
Adam P. Merrill (6229850)            Michael P. Doss (6238868)
Michael G. Dickler (6269635)         Alexa C. Warner (6278667)
Mona A. Idrees ((6275119))           Patrick E. Croke (6296157)
SPERLING & SLATER                    SIDLEY AUSTIN LLP
55 W. Monroe Street, Suite 3200      One South Dearborn Street
Chicago, Illinois 60603              Chicago, Illinois 60603
Telephone: (312) 641-3200            Telephone: (312) 853-7000

5

## CERTIFICATE OF SERVICE

I, Adam P. Merrill, an attorney, hereby certify that I caused a true and correct copy of the foregoing **REPORT OF PARTIES' PLANNING MEETING**, to be served upon all counsel of record via the Northern District of Illinois' CM/ECF e-filing system on September 13, 2010.

/s/ Adam P. Merrill
Adam P. Merrill

# Exhibit 2

## Adam Merrill

| | |
|---|---|
| **From:** | Adam Merrill |
| **Sent:** | Tuesday, December 14, 2010 5:23 PM |
| **To:** | Kelly, Gerard D. |
| **Subject:** | InTrust v. Stewart--Discovery Proposal |

Gerard,

In light of your recent letter and our discussion last week, I wanted to make it clear the Receiver will not agree to a stay of discovery.

But we would consider agreeing to the following:

1. Stewart to promptly make the following documents available: (a) all of Stewart's document production in Fidelity v. Stewart; (b) all documents produced by Capriotti, Hargrove, Old Intercounty, ITI, New Intercounty, or INTIC in Fidelity v. Stewart; (c) all third party document productions from Fidelity v. Stewart, including by Ernst & Young, Berger & Goldstein, KPMG, the Illinois DFI, and the Texas Department of Insurance; (d) all deposition exhibits from Fidelity v. Stewart; (e) all trial exhibits from Fidelity v. Stewart; (f) STG and SISCO annual financial statements (GAAP and/or statutory) for the years ending 1984 through 1997;
2. Stewart to provide its response to document request No. 33 by December 21, 2011 and have a prompt meet and confer as to any objections;
3. Stewart to respond to all outstanding discovery requests by January 5, 2011;
4. Stewart to produce documents responsive to document request No. 33 by January 5, 2011;
5. The Receiver and Stewart to have a "meet and confer" concerning any disputed issues by January 12, 2011; and
6. Stewart to produce responsive documents (other than those already made available above or objected to) by February 2, 2011.

Adam Merrill
Sperling & Slater
312.368.5932

1

## CERTIFICATE OF SERVICE

I, Adam P. Merrill, an attorney, hereby certify that I caused a true and correct copy of the foregoing **RECEIVER'S RESPONSE TO STEWART'S MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING ON STEWART'S MOTION TO DISMISS**, to be served upon all counsel of record via the Northern District of Illinois' CM/ECF e-filing system on December 20, 2010.

                                                         /s/ Adam P. Merrill
                                                          Adam P. Merrill